IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GERALDO RODRIGUEZ-MONICO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Case No. 2:07-CV-407 PGC |

On January 17, 2006, this court sentenced Geraldo Rodriguez-Monico, following his entry of a guilty plea.  On June 20, 2007, Mr. Rodriguez-Monico petitioned the court to vacate, set, aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In his petition, Mr. Rodriguez-Monico challenges the effectiveness of his counsel.  But the court must deny this petition because Mr. Rodriguez-Monico filed it outside the limitations period outlined in § 2255.

**BACKGROUND**

A grand jury indicted Mr. Rodriguez-Monico on August 24, 2005, for reentering the United States after previously being deported.  Mr. Rodriguez-Monico pleaded guilty to the charge on November 28, 2005.  The court ultimately sentenced Mr. Rodriguez-Monico to forty-one months in prison, on January 17, 2006.  The court entered judgment on January 19, 2006.

Mr. Rodriguez-Monico did not appeal. Then, on June 20, 2007, Mr. Rodriguez-Monico filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging his counsel was ineffective. This motion is at issue in this order.

## DISCUSSION

Mr. Rodriguez-Monico's § 2255 petition fails because he filed it outside of the statutory limitations period. As a general rule, a prisoner may not file a § 2255 motion for federal post-conviction relief more than one year after his conviction becomes final.[1] Motions filed pursuant to § 2255 must be filed one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.[2]

In this case, Mr. Rodriguez-Monico presents no arguments showing an intent to rely on subsections (2), (3), or (4), and none of these sections appear to apply. The court, therefore, limits its analysis to subsection (1). Under rule 4(b)(1), Mr. Rodriguez-Monico had ten days after January 19, 2006, the date the court entered judgment against him, in which to file notice of appeal.[3] Mr. Rodriguez-Monico filed no appeal at this time. Mr. Rodriguez-Monico then had one year — or until January 29, 2007 — in which to file his § 2255 motion. However, Mr.

---

[1] *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[2] 28 U.S.C. § 2255.

[3] Fed. R. App. P. 4(b)(1).

Rodriguez-Monico first filed his motion on June 20, 2007, nearly five months later.

In extraordinary circumstances, the limitations period in § 2255 can be equitably tolled, but the defendant has the burden of demonstrating the inadequacy of the one-year limitations period.[4]  Such extraordinary circumstances must be those over which the petitioner has no control, and the petitioner must still diligently pursue his claims.[5]  "Extensions of time will be granted only if extraordinary circumstances beyond prisoners' control make it impossible to file petitions on time."[6]  There is no indication anything beyond Mr. Rodriguez-Monico's control prevented him from filing the petition on time or affected the availability of § 2255 as a remedy. The court, therefore, denies Mr. Rodriguez-Monico's remedy as untimely.

## CONCLUSION

Based on the foregoing, the court DENIES Mr. Rodriguez-Monico's motion to vacate, correct, or set aside his sentence [#1].  The Clerk's Office is directed to close this case.

DATED this 13th day of July, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[4] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[5] *Id.* at 978.

[6] *Calderon v. U.S. District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997).